KING, Judge.
MOTION TO DISMISS
The plaintiff-appellee, City of New Iberia, moves to dismiss the devolutive appeal of the defendants-appellants, Bryan Staton and Phyllis Staton, d/b/a Bryan’s Trading Post, on the grounds that the appeal was not timely perfected.
The plaintiff-appellee brought suit against defendants-appellants to collect sales and use taxes in arrears, penalties, interest, and attorney’s fees and to enjoin them from operating their business until these taxes were paid. A trial on the merits was held on February 5, 1985 and at the conclusion of the trial the trial judge rendered judgment in favor of the plaintiff-ap-pellee and against the defendants-appellants. A written judgment was read and signed by the trial judge on the same date and notice of the judgment was served on each of the defendants-appellants. The judgment ordered the defendants-appellants to pay to the plaintiff-appellee $3,316.01 in back taxes found to be due, together with interest at the rate of 6% per annum from January 7, 1985, until paid, and for court costs and also enjoined the defendants-appellants from further pursuit of their business until such time as they paid the judgment.
On March 13, 1985 defendants-appellants filed in this same suit a motion for declaratory judgment against the State of Louisiana and the plaintiff-appellee seeking clarification of how they should pay the judgment previously rendered against them on February 5, 1985 because of their claim that the judgment was vague and impossible to comply with as lawful dollars no longer existed; seeking a declaration that La.R.S. 1:53 is unconstitutional, as being in contravention of Article 1, § 10 of the United States Constitution, and seeking to have the judgment rendered in favor of plaintiff-appellee and against them on February 5, 1985 set aside. The State of Louisiana filed an answer and motion for judgment on the pleadings and the plaintiff-appellee filed a peremptory exception of res judica-ta. The motion for judgment on the pleadings and the exception were tried on the merits on April 11, 1985 and at the conclusion of the trial the trial judge rendered judgment in favor of the State of Louisiana dismissing the defendants-appellants’ suit at their cost and in favor of the plaintiff-ap-pellee sustaining its exception of res judica-ta and denying defendants-appellants’ claim to set aside the judgment rendered against them on February 5, 1985. A written judgment has not been read or signed by the trial judge in connection with the hearing held on April 11, 1985.
On April 11, 1985 defendants-appellants appealed this matter and plaintiff-appellee subsequently filed a motion to dismiss. The defendants-appellants were ordered to show cause, by brief, why this appeal should not be dismissed as untimely. The defendants-appellants answered the rule stating that they were not appealing the judgment rendered against them on February 5, 1985 but were appealing the judgment rendered against them on April 11, 1985.
The judgment rendered against defendants-appellants in this matter by the New Iberia City Court was rendered on Febru *189 ary 5, 1985 and read and signed on February 5, 1985. Notice of that judgment was given to each of the defendants-appellants on February 5, 1985. An appeal from that judgment should have been taken within ten (10) days. La.C.C.P. Art. 5003. However, defendants-appellants did not appeal from that judgment until April 11, 1985, well after the time for appeal had expired. No other judgment has been read and signed in this matter.
For the foregoing reasons this appeal is dismissed at defendants-appellants’ cost.
APPEAL DISMISSED.